**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION**

| | |
|---|---|
| Spearing Services, Ltd., ) | |
| ) | |
| Plaintiff, ) | |
| ) | **ORDER** |
| vs. ) | |
| ) | |
| Billings County, ) | |
| ) | Case No. 1:05-cv-062 |
| Defendant. ) | |

Before the court is the defendant's Motion to Compel Production of Tax Returns. For the reasons set forth below, the motion is granted in part.

**I.    BACKGROUND**

The plaintiff initiated the above-entitled action by complaint on May 16, 2005, seeking compensation for damages that its truck, trailer, and cargo sustained in a single vehicle accident in Billings County. Apparently, James Elliot, the plaintiff's employee, was driving a truck on September 3, 2002, when it slid off the road, overturned, and caught fire, damaging the truck, the trailer, and the trailer's contents. The plaintiff contends that the road was dangerously slippery as a result of negligent maintenance by defendant's road maintenance crew. In addition, it contends that the road maintenance crew was negligent in its failure to place appropriate signs warning drivers of dangerous road conditions. Although it initially claimed ownership of the truck, it subsequently advised the defendant that the truck was leased.

On January 9, 2006, the defendant filed a Motion to Compel Tax Returns. It seeks production of the plaintiff's tax returns for the years 2002, 2003, and 2004, on the grounds that these returns are relevant to the issue of damages and are likely to lead to the discovery of admissible

evidence. Specifically, it asserts that it needs these tax returns to ascertain the subject property's value at the time of the claimed damage. In addition, it asserts that any tax benefit the plaintiff's may have received as a result of the damage to the subject property should be deducted from any award of damages.

On January 18, 2006, the plaintiff responded that these tax returns are irrelevant. It denies having taken a casualty loss on its income taxes following the accident. It adds that even if it had taken a casualty loss, it would not enjoy a double recovery because it would be obligated to amend its tax returns upon recovery of any monies from the defendant.

The defendant subsequently advised the court by letter of an additional discovery dispute. The plaintiff's insurers, Sovereign Insurance Company and Saskatchewan Government Insurance, apparently have subrogration claims. Both insurers are located in Canada. The defendant believes it is entitled to question the plaintiff's representatives, including the insurers in regards to their subrogation claims, at a deposition in Bismarck where the case is venued. The plaintiff has resisted the defendant's request to the extent that the insurer's representatives would be required to travel to the United States for the deposition.

On January 24, 2006, the court conducted a telephone conference to address the parties' discovery disputes. Attorney James Nostdahl appeared on the plaintiff's behalf. Attorney Randall Bakke appeared on the defendant's behalf.

## II. **DISCUSSION**

### A.   **Motion to Compel Production of Tax Returns**

Rule 26(b) of the Federal Rules of Civil Procedure defines the scope of discovery as follows:

Parties may obtain discovery regarding any matter, not privileged, that is relevant to
the claim or defense of any party, including the existence, description, nature,

>     custody, condition, and location of any books, documents, or other tangible things
>     and the identity and location of persons having knowledge of any discoverable
>     matter.

Fed. R. Civ.P. 26(b)(1). For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. <u>Id.</u> Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. <u>Id.</u> Discovery methods otherwise permitted may be limited by the court if

>     it determines that: (i) the discovery sought is unreasonably cumulative or duplicative,
>     or is obtainable from some other source that is more convenient, less burdensome,
>     or less expensive; (ii) the party seeking discovery has had ample opportunity by
>     discovery in the action to obtain the information sought; or (iii) the burden or
>     expense of the proposed discovery outweighs its likely benefit, taking into account
>     the needs of the case, the amount in controversy, the parties' resources, the
>     importance of the issues at stake in the litigation, and the importance of the proposed
>     discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2).

Having reviewed the record, the court concludes that the plaintiff's tax returns may bear some relevance with respect to property valuation and damage calculations. That being said, the court is of the opinion that the defendant can most likely glean the information it seeks from the plaintiff's 2002 tax returns. Accordingly, the plaintiff is ordered to produce copies of its 2002 tax returns. If a specific depreciation schedule was prepared in conjunction with these returns, it should be provided to the defendant as well. The court will not require the plaintiff to produce copies of its 2003 and 2004 tax returns at this time.

    **B.**    **Deposition of Insurers' Representatives**

The plaintiff has indicated that the insurers will make themselves available for a deposition so long as they do not have to travel to the United States. The court is cognizant of the costs of litigation and can appreciate their unwillingness to travel given the expenses involved. Therefore, the court will permit the defendant to depose the insurers' representative by telephone. If a telephone deposition proves to be insufficient, the defendant may renew this issue. In the alternative, the defendant always has option of traveling to Canada.

### III.   CONCLUSION

The defendant's Motion to Compel Production of Tax Returns (Docket No. 11) is **GRANTED** in part. The plaintiff is directed to provide copies of its 2002 tax returns along with any depreciation schedule prepared in conjunction with these returns to the defendant. In addition, the court authorizes the defendant to depose the plaintiff's insurers by telephone.

**IT IS SO ORDERED.**

Dated this 25th day of January, 2006.

/s/ Charles S. Miller, Jr.
Charles S. Miller, Jr.
United States Magistrate Judge